FILED
SUPERIOR COURT
OF GUAM

2020 APR -2 PM 12: 57

CLERK OF COURT

BY: ___ aus

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0288-19 |
| vs. | |
| JOSIAH JAMES ANDERSON, DOB: 10/21/2001 | DECISION AND ORDER |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 27, 2020, upon the Defendant's Motion for Reconsideration. Defendant Josiah James Anderson ("Defendant") is represented by Attorney Douglas B. Moylan. Assistant Attorney General Rolland Wimberley represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On December 16, 2019, this Court issued a Decision and Order denying the Defendant's Motion to Transfer [to Family Court] Pursuant to 19 GCA § 5106(d) ("Motion to Transfer to Family Court"). Having analyzed the factors prescribed in 19 GCA § 5106(d), the Court found that the factors weighed against decertification and transfer to the Family Court. *See* Decision and Order (Dec. 16, 2019). Thus, the Court held that the defense failed to demonstrate, by clear and convincing evidence, "that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." *Id.* (citing 19 GCA § 5106(d)).

On December 19, 2019, the Honorable Maria T. Cenzon ("Judge Cenzon") issued a Decision and Order granting the Defendant's similar Motion to Transfer to Family Court in Criminal Case No. CF0278-19. In that Decision and Order, Judge Cenzon found that, based on her analysis of the factors outlined in 19 GCA § 5106(d), disposition of the Defendant's charges in CF0278-19 in the Family Court would serve the best interest of the Defendant.

Thereafter, on January 15, 2020, the Defendant filed the instant Motion for Reconsideration requesting that the Court reconsider its December 16, 2019 Decision and Order in light of Judge Cenzon's decision in CF0278-19. Specifically, the Defendant argues that resolving the charges in the instant matter consistently with the charges set forth in CF0278-19 would satisfy the legislative intent of 19 GCA § 5106(d), as well as the standards of equal justice amongst the Superior Court of Guam courtrooms. Alternatively, the Defendant requests that this matter be transferred to Judge Cenzon for disposition along with CF0278-19.

On February 27, 2020, the Court heard oral arguments on the Defendant's Motion for Reconsideration. The People did not file a written response or opposition to the instant motion. However, the People rested on their arguments previously submitted in their Opposition to Defendant's Motion to Transfer to Family Court filed on August 30, 2019. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Courts have the inherent authority to reconsider its own decisions. *People of Guam v. Gutierrez*, 2005 Guam 19 ¶ 26 (citing *Guam Hous. and Urban Renewal Auth. V. Pac. Superior Enter. Corp.*, 2001 Guam 8 ¶ 13 (holding that "[i]nterlocutory orders are subject to reconsideration by the court at any time"). Motions for reconsideration of a Court's prior order are governed by Rule 7.1(i) of the Local Rules of the Superior Court of Guam. Civil Rule 7.1(i) provides in relevant part:

> A motion for reconsideration of a decision on any motion may be made only on the grounds of
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

The Supreme Court of Guam has explained that motions for reconsideration are appropriate where the trial court: "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 38 (citing *Ward v. Reyes*, 1998 Guam 1 ¶ 10 (reviewing the grant of reconsideration pursuant to GRCP 59(e)); *Rong Chang Co., Ltd., Inc. v. M2P, Inc.*, 2012 Guam 1 ¶ 18 (holding that the standard of review is identical under both GRCP 59(e) and GRCP 60(b)); *State v. Fitzsimmons*, 668 A.2d 453, 456 (N.J. Super. 1995) (motions for reconsideration are not avenues to re-argue motions already decided, but to allow the unfavorable party to make a statement regarding the matters or controlling decisions which the party believes the court has overlooked or as to which it has erred). Further, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." CVR 7.1(i).

Here, the Defendant does not specifically cite to any of the grounds enumerated in CVR 7.1(i) to support his Motion for Reconsideration. Instead, the Defendant simply moves this Court to reconsider its decision denying the underlying Motion to Transfer to Family Court in light of Judge Cenzon's subsequent decision granting the Defendant's similar motion in CF0278-19. Because the Defendant does not cite to an intervening change in controlling law, the Court will interpret the Defendant's motion to be based on two possible arguments: 1) that Judge Cenzon's decision is new evidence for this Court to consider; or 2) that the Court committed clear error or manifest injustice. *Id.*

First, Judge Cenzon's decision in CF0278-19 is not new evidence. Although another trial judge made a conflicting ruling on an identical motion involving similar facts parallel to the instant matter, this Court is not bound by that decision. Other than a nonbinding decision issued by another trial court, the Defendant does not provide this Court with new material facts or applicable evidence that would warrant the Court's reconsideration of its decision. CVR 7.1(i)(2). Second, Judge Cenzon's opposite ruling does not mean this Court committed clear

error or that this Court's decision was manifestly unjust. Both courts, aware of the Defendant's juvenile history and active criminal cases, applied the same factors enumerated above. *See* 19 GCA § 5106(d). This Court, after conducting a detailed analysis of those factors, found they weighed against decertification. In his motion, the Defendant does not identify specific errors in this Court's analysis for the Court to consider. Therefore, the Court declines to reconsider its decision on this basis. *See* CVR 7.1(i)(3). Accordingly, because the Defendant fails to establish a proper basis for reconsideration pursuant to CVR 7.1(i), the Court hereby **DENIES** the Defendant's Motion for Reconsideration.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Defendant's Motion for Reconsideration of the Court's December 16, 2019, Decision and Order Denying the Defendant's Motion to Transfer to Family Court.

**IT IS SO ORDERED**     APR 0 2 2020         .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**